Porter.
1p 107
93   35

ALEXANDER SOMMERVILLE *vs.* JOSEPH MERRILL.

*Error from Franklin Circuit Court*—Before the Hon. SION
L. PERRY.

On demurrer to a plea, the court will look first to the declaration, and give judgment on its sufficiency before noticing the defects of the plea. In a declaration against a common carrier for negligence, it is essential to aver that defendant accepted, or undertook to carry the goods.

This was an action on the case, to recover damages of the defendant as a common carrier, for not conveying safely to Orleans a quantity of cotton which had been entrusted to him. It was charged, that in consequence of the defendant's negligence, a portion of the cotton was damaged, whereby the injury had accrued to the plaintiff.

The defendant pleaded specially, that previous to the institution of the plaintiff's action, he, the defendant, had brought suit against the now plaintiff, to recover the freight for conveying the very cotton to Orleans, which was now the subject of the plaintiff's claim—that in that suit (then settled and determined and remaining unreversed) the plaintiff pleaded in defence thereto, the same negligence of the defendant, and the same damage to his cotton, in bar to the action; but that his defence after being so adjudicated, was considered insufficient, and that the now defendant obtained judgment for his freight. To this plea the plaintiff demurred.

In the record it appears (presumed by misapplication) that the consideration of the court below was on the "defendant's demurrer to the plaintiff's declaration," and judgment was for defendant. The plaintiff now here assigns for error, that the judgment of the court below was erroneous.

ORMOND, and

HOPKINS, for Plaintiff.

By Mr. Justice SAFFOLD.

This was an action of trespass on the case, brought by the present plaintiff against the defendant as a common carrier. To the declaration was filed a special plea in bar. To this the plaintiff demurred, and on the hearing and consideration of the demurrer, the court rendered judgment for the defendant. This judgment is the matter assigned as erroneous. It is proper to premise, that according to the transcript of the record, the names of the parties to the demurrer have been misapplied. It reads "that the defendant's demurrer to the plaintiff's declaration being heard by the court, &c. it is considered the declaration is insufficient," &c. In as much as the legal effect of the plaintiff's demurrer is to subject his own declaration, as well as the plea to the scrutiny of the court—and as, if the former is found insufficient, the court must visit the demurrer upon it, this apparent mistake in the record may be disregarded, and the case may be examined as though the question had been formally presented. The effect of the issue is to test, first, the sufficiency of the declaration, and if sustained, then the quality of the plea.

The case having been submitted without argument, or any suggestion of the points mooted below, or those mainly relied on here, I propose to investigate only so much of the case as is thought necessary to a decision of the question presented. This relates exclusively to the sufficiency of the declaration. The declaration is unusually brief—which however is no objection if it be found to contain in substance all the material allegations. It begins by a recital of the defendant's being and having been a common carrier of goods, &c. and of the plaintiff having caused to be delivered to defendant thirty-five bales cotton, of great value, to wit, of the value of one thousand dollars, to be safely and securely carried by him from the one place mentioned to the other—and at the latter

to be safely and securely delivered for a reasonable reward, &c. then without any further description of the liability or nature of the bailment, whether the carrying contemplated was to have been by land or water, or whether there was any exception to the defendant's absolute responsibility for the success of the enterprise (such as the dangers of the river) and without any averment of the defendant's having accepted or received the cotton—or of his having agreed or undertaken safely to carry it : the declaration proceeds to aver a breach or non-performance of the duty in the usual form. It concludes with an averment that the defendant so carelessly and negligently conducted himself in the premises, that the thirty-five bales of cotton were wet and damaged, and greatly injured, to the damage of the plaintiff two hundred dollars. The question may be worthy of consideration, whether or not the manner or kind of transportation intended should not be explained or defined by the declaration—especially if understood to have been done by means of any water craft. If there be a difference in the extent of the general liability, or in the exceptions to it, this consideration might suggest the necessity of defining the mode or manner of the intrusted conveyance. Such is believed to be the current practice— at least in reference to water transportation, whether on the high seas or navigable rivers. The omission in the declaration to aver that the defendant accepted, received, or undertook to carry the cotton, is believed to be the omission of a substantial allegation required by the precedents, and the general requisitions of the law regulating the remedy against carriers of various descriptions.

For these insufficiencies, chiefly the latter, we think the judgment below must be affirmed.