## ROGERS & SONS *versus* SMILEY & GRIFFIN.

A plea, commencing with matter of abatement, and concluding in bar, is defective and bad, on demurrer.

As a general rule, a demurrer opens the whole pleadings in a cause, to the consideration of the Court, and will be extended to the first substantial defect existing therein; but this is always upon the supposition, that the pleadings have been properly filed—in due time, and perfect order.

And where a plea in abatement was filed after several continuances, and after a demurrer had been considered, and the general issue pleaded, the Court refused to extend a demurrer to the plea, back to a supposed defect in the declaration.

*Assumpsit* in the Circuit Court of Tuskaloosa. And the plaintiffs declared for money paid, &c. at the instance and request of the defendants, they being partners in trade.    The writ, as appeared, was executed alone on Griffin, and thereupon, in accordance with the statute in such case made and provided, the declaration was filed against both defendants. And afterwards Griffin having appeared, craved oyer of the writ, and filed a special demurrer, for variance between the indorsement thereof, and the declaration.

After continuance, leave to amend the . declaration was asked and granted to plaintiffs; whereupon, they filed other counts, and Griffin pleaded *non assumpsit*, as to himself; which being stricken out on motion, he filed the general issue, and a special plea, averring, that defendant Smiley, was beyond the jurisdiction of the Court—that any copartnership before that time existing between them, was ended before the commencement of the said suit—that process in said suit had never been served on said Smiley, and concluded with an allegation, that he the said Griffin had not undertaken, assumed and promised jointly with said Smiley, as charged in the plaintiffs declaration, and thereof put himself upon the country, &c. The plaintiffs, as to the first plea, joined issue, and to the special plea, demurred.

After many continuances, the Court, on consideration of the demurrer, ruled, that the plaintiffs' declaration not being sufficient in law to maintain the action, the demurrer to the plea reached .the same, and that judgment should be rendered for the defendants.

On a bill of exceptions, the plaintiffs brought the case to this Court.

This case was argued at length, by CRABB for the Plaintiffs, and by

PECK, STEWART and ELLIS for defendants.

On the points decided by the Court, it was contended for plaintiffs, that the demurrer was improperly permitted to extend to the declaration. The defendant, it was said, had before demurred to the declaration. Then was the time when he ,should have availed himself of any defects which it might contain.

The general rule is admitted, that a demurrer reaches back to the first substantial defect that has

been made in pleading; yet this rule must not be regarded as one without exceptions, For, where it appears, by the replication of the plaintiff, to a bad or defective plea, that the plaintiff has no cause of action, judgment must go against the plaintiff, although the defendant by his plea, committed the first defect in pleading. The plaintiff is estopped, by his own shewing, from requiring that the demurrer should extend further back.—*Gould's Pl.* 376, 474, 475. And so it is with the defendant. If the plea shews that the party has no defence, the defendant is estopped from carrying the demurrer back to the plaintiff's declaration.

The second plea is what is called a technical traverse; that is, where affirmative matter is set up implying a negative, and a negative following "therefore" is added. In such case, the inducement is the substance of the plea; and if it does not set out such facts as will authorise the Court to infer the negative, the plea is bad.

The inducement here does not set out that the partnership was dissolved, but merely that Smiley was beyond the jurisdiction of the Court. It is a notice: and a service on one partner is notice to both. *Aik. Dig.* 268. The inducement here, does not justify the statement that the partnership is determined. Besides, this plea is not responsive to the declaration, which states that Smiley and Griffin were long previous indebted, &c. The plea was no defence; and therefore, the demurrer could not extend back to the declaration.

But, if this were an irregularity, it is not such a one as can be taken advantage of by demurrer. It can only be matter of abatement: and by plea in abatement only, could the objection properly be made. It is a rule of pleading, that a party cannot demur in

abatement. A party is only entitled to plead in abatement at the first term; but if he could take advantage of matters of abatement in this way, this salutary rule of law would be defeated.—(See *Gould's Pl.* 297, 3 *Stewart*, 192, 95.) Besides—this, if a defence at all, is a defence personal to Smiley. He does not complain. It was no defence to Griffin; for, he surely had due notice. Griffin had also pleaded over, and therefore, if for no other reason, he could not be allowed to take advantage of this alleged irregularity.

The declaration is good. It was said to be bad, because, as was alleged, it appeared by the declaration itself, that Smiley and Griffin were not partners at the commencement of the suit. If this were admitted, this is not matter of substance. The substance of the declaration is a past promise, made as copartners. As to the promise then made, the partnership still continues. This is the general principle. How else could partnerships ever be wound up? The doctrine is, that, once a copartner, always a copartner, as to the acts of the partnership during the time of its existence. Let it be admitted, that after dissolution, one partner has no right to bind the other, as to acknowledgments of old debts, or creation of new ones—this interferes not with the case. The co-partnership between partners is cut short by a dissolution: but it is not so between them and the rest of the world, as to what has been done during its continuance.—*Gow on Partnership.* 79, 80, 246, 253—1 *Taunt.* 104—17 *Vesey,* 298—4 *Binney* 275—*Kent's Com.* 28.

On the part of the defendants, it was said, that the second of these pleas was good. The plaintiff was suing under a statute, and the plea, avers, that at the time when the action was brought the defendants

were not partners, which if found true, went to defeat the action as to the service on the parties.

The Court below, in its decision, as was contended, rightfully sustained the demurrer to the plaintiffs' declaration. The general proposition is admitted that a demurrer reaches back to the first error in pleading; and as to the exception where there is a bad replication on a penal bond, the replication is there substantially a part of the declaration: it is that part in which the breaches are assigned. The plaintiff may there be said to have committed the first fault—the replication being but a supplementary part of the declaration. The same doctrine has been held in this Court, as to the demurrer reaching back, even where the declaration had been determined once to be good. See the case of *Cummins and Foster vs. Gray.*

The question then arises, is the declaration good? We say not. Where two have been partners, and the partnership has been dissolved, a service *only on one*, even if judgment went by default, would be error: and this is a much stronger case. The statute which authorises service on one, to be notice to all, speaks of existing firms. This statute is in derogation of the common law, and should, therefore, be construed strictly. If the Legislature had intended to extend the same rule to dissolved firms, they would have used different language. The reason of the rule does not apply to disolved firms. Confidence is presumed among existing partners; but not among members of dissolved firms.

The process and pleadings in this case, sufficiently shew, that the firm of the defendants was dissolved. The writ speaks of them, as " merchants heretofore trading under the firm of Smiley & Griffin:" and the declaration, after describing the plaintiffs as merchants trading under the firm of Rogers & Sons, describes

the defendants as merchants "heretofore trading under the firm of Smiley & Griffin." This evidently means, in defiance of criticism, that these men had been, but were not then partners. A case has been decided in this Court, where judgment had gone by default, yet the judgment was reversed, on the ground that the statute only applies to present, and not to past firms. This is a stronger case, for Griffin made the necessary exception in the Court below. Wherever the plaintiff proceeds under the statute, by service on one for all, I hold, that there must be a substantive averment, that the firm is an existing firm, otherwise judgment against both would be error.— See *East's Rep.* 142.

By the English law, where some of the obligors are outlawed, service is good (in a joint action) against those who are not outlawed; yet the outlawry must be shewn in the declaration, or it is good cause of demurrer.—*Carey on Part.* 48. And under our laws, where suit is brought on a joint contract, not coming under the statute of 1818, the plaintiff can not take judgment against one alone, until he has at least proceeded to a *pluries capias* against the other.—*Minor's Rep.* 77. Where suit is thus brought against two, a discontinuance against one is a discontinuance against all.—2 *Stewart,* 494. A party may sue one of a firm; but if he elect to sue both, a discontinuance as to one is a discontinuance as to both. It is assigned for error, that the Court would not permit the party to discontinue as to Smiley: when, in fact, it would have been a discontinuance as to Griffin.

This is a good plea in bar. If the defect were in the writ alone, it could perhaps be only reached by a plea in abatement; but the error is carried into the declaration, and there is no such thing as a plea in abatement to the declaration alone. This plea says,

if there were were any partnership, it was at an end at the time of the commencement of this suit. The demurrer admits the fact, and thus proves that the plaintiffs have no right to recover. This plea was drawn to suit the palate of the Court, but it is believed to be a good plea in substance, though not in form. If it be taken as a plea in abatement, it does not need to be verified by oath, because the truth of its averments appears from the record. For the same reason, no plea was necessary. A demurrer would have reached the defect.

Does it not appear from the declaration that this partnership was dissolved? If so, the demurrer reaching back, brings this matter before the Court for its judgment. The exception as to the effect of a demurrer going back to the first defect in pleading, will not apply to this case. The condition of plaintiffs and defendants are quite different. If the plaintiff shew by his replication that he has no cause of action, it is true, he must fail, however defective the plea may be ; for where there is no cause of action, no defence is necessary; but it will not do to say, that where a defendant shews by his plea that he has no defence, the demurrer will not reach back to the declaration ; for if the declaration prove to be bad, no defective pleading on the part of the defendant—no want of defence—can entitle the plaintiff to a recovery.

By Mr. Justice HITCHCOCK :

N. Rogers & Sons issued their writ in the Circuit Court of Tuskaloosa county, on the 11th November, 1823, commanding the sheriff to take " the bodies of William Smiley and Ira Griffin, merchants, heretofore trading under the firm of Smiley & Griffin, if to be found, &c. The defendants were sued in *assump-*

*sit*, for money paid by the plaintiffs as accommodation acceptors of sundry bills of exchange, drawn by the defendants on them, and which amounted to five thousand one hundred and twenty three dollars and seventy five cents ; and the endorsement on the writ sets out a list of the bills, and an acknowledgment, signed by Griffin & Smiley, that they were to provide for their payment, by shipments of cotton to N. Rogers & Sons, in season. The sheriff returned the writ, executed, but was permitted afterwards, in 1834, to amend his return ; which, as amended, is as follows : "Came to hand and executed, same day issued on Ira Griffin—Smiley not found."

At the March term, 1824, the plaintiffs filed their declaration, consisting of nine counts, setting out their claim in various ways. The commencement of the first count is as follows, to wit : " Nehemiah Rogers, *et al.* merchants, trading under the firm and style of N. Rogers & Sons, complain of Ira Griffin and William Smiley, merchants and copartners, heretofore trading under the firm and style of Smiley & Griffin, the said Griffin being in the custody of the sheriff, &c., and the said Smiley is declared against, owing to the writ's having been executed on his said copartner, Griffin, according to the statute in such cases made and provided, of a plea of trespass on the case," &c.

At the March term, 1824, the defendant, Griffin, appeared by his attorneys, craved *oyer* of the writ, and endorsement, and thereupon filed his separate *demurrer* to the endorsement and the declaration, setting out nine separate and special causes of demurrer, which allege sundry variations between the endorsement and the declaration, and also specifying sundry defects in the declaration.

At this stage, the case appears to have been continued

until March term 1827, when the plaintiffs asked for
and obtained leave to amend their declaration, and
the cause was again continued.    At the October term
following, it appearing to the Court that the further
prosecution of the suit had been perpetually enjoined,
it was, by the judgment of the Court, ordered to be
*dismissed*, at the costs of the plaintiffs.    To this judg-
ment of dismissal, the plaintiffs took a writ of error to
this Court, returnable to July term 1830.    This judg-
ment was, at the January term, 1832, of this Court,
*reversed*, and the cause remanded : and at the April
term, 1832, the cause was reinstated and placed upon
the docket ; at which term the plaintiffs filed three
additional counts to their declaration, under the au-
thority given at March term, 1827, to amend the de-
claration.    The cause was again continued to Octo-
ber term, 1832, when the certificate of the clerk of
the Supreme Court was filed, certifying that the in-
junction which had been allowed, prohibiting the far-
ther prosecution of the suit, had been dissolved, and
the bill dismissed.    Whereupon, the defendant Grif-
fin, filed a *separate plea of non-assumpsit*, which was,
on motion of the plaintiffs' attorney, ordered to be
stricken out, and leave was given the defendant to
plead *instanter ;* upon which, the defendant filed two
pleas.    1st. A separate plea of *non-assumpsit*, similar
to the one just stricken out.    And 2d. A plea in the
following words : " And for further plea in this be-
half, the said Ira Griffin, defendant, saith *actio non*,
&c. because he saith that at the time of the com-
mencement of this suit, and since that time, William
Smiley, with whom this defendant hath been implead-
ed, was beyond the jurisdiction of this Court, and
ever since hath been, and yet is ; and that before that
time, if any co-partnership ever did exist, between
the said William and this defendant, the same was

33

determined and at an end before the commencement of this suit, and that process never was served upon the said William; and thereupon, the said Ira Griffin for himself separately, saith, that he the said Ira did not undertake, assume, nor promise, jointly with the said William, in manner and form, as the said plaintiffs in their said declaration have complained—and of this he puts himself upon the country."

To the first of these pleas, the plaintiffs joined issue, and to the second they demurred. The cause was continued from term to term, in this state, until March term, 1834, when judgment by default was taken against Smiley; and at that term, the Court decided, that the plaintiffs' demurrer to the defendant's second plea, reached back to the plaintiffs' declaration, which was decided to be insufficient in law, to maintain the action, upon which, judgment final was rendered for the defendant.

There was a bill of exceptions taken to the opinion of the Court, upon sundry questions raised at this term, but as none of them are material to the case, as viewed by the Court, they will not be noticed.

Two questions present themselves for the consideration of the Court, upon this case. The first is, whether, under the circumstances here disclosed, the demurrer does reach back so as to authorise an enquiry into the sufficiency of the declaration; and,

2d. If it does, whether the declaration is sufficient.

The first of these questions involves an enquiry as to the character of the second plea, and the circumstances under which it was filed.

The plea sets out with stating matter of inducement, which if good at all, is properly matter in abatement. It alleges, that "before, and at the time of the commencement of this suit, the defendant, Smi-

ley, was, and ever hath been since, beyond the jurisdiction of the Court, and that if ever any partnership existed, it was determined before the commencement of this suit, and that process was never served on Smiley." So far, the plea does not deny that there had been a co-partnership, as charged in the writ and declaration, and it does not assign any reason for its dissolution, except that inference is to be drawn from the alleged absence of Smiley. It does not aver any dissolution, in fact, but leaves the matter to inference entirely. So far, it is matter, as was observed before, which could only be urged in avoidance of this writ, on the ground of mis-joinder of parties, or defective service of the writ. The balance of the plea is, however, of an entirely different character: it is properly matter in bar of the action; and if any thing, amounts to the general issue. After stating the inducement as aforesaid, it concludes—"and therefore, the said Ira Griffin for himself separately, saith, that he the said Ira, did not undertake, assume, nor promise jointly with the said William, in manner and form as the said plaintiffs in their said declaration have complained—and of this he puts himself upon the country."

This plea must be taken entire—it cannot be divided. If we look at the inducement, it is in abatement, and should have prayed that the writ abate. If we take the latter part, it is in bar, and is a repetition of the first plea, which immediately preceded it. "If matter of mere abatement is pleaded in bar, or if matter which goes only in bar, is pleaded in abatement, the plea in either case is ill," for in either case all distinction between these different classes of pleas would be confounded, and in the former case judgment in chief must be given for the plaintiffs.— *Gould's Pl.* 292. If this plea is tried by this rule, it

appears to me, it must be found defective. It may be true that Smiley was out of the country, and that the partnership was dissolved when the writ was issued, and yet it may be true that the defendant, Griffin did assume and promise, as stated in the declaration. One part of the plea is not necessary to the other; and the whole taken together does not make out a defence to the plaintiffs' right of action.

But, it is contended, that admitting the plea to be bad, the demurrer opens the whole case, and requires the Court to seize upon the first error, and that when thus examined, it will be found that the writ must abate, on the ground that the partnership is not properly charged, either in the writ or declaration, and that service being perfected only upon Griffin, he is not bound to answer in this form.

To this it is answered, and we think properly, that the plea, if filed for the purpose of avoiding this writ, is to be held as a plea in abatement, and if so, could not have been received, under the rules of Court, at this stage of the suit; and a party may in such a case, either move to strike out the plea or demur to it; and he shall have the same benefit in either form. Here, the defendant had, at a former term, demurred to the declaration, and at the time this plea was filed, had pleaded the general issue. It is admitted, that as a general rule, a demurrer opens the whole case to the consideration of the Court. But this is always upon the supposition, that the pleadings were all properly filed, in due time, and in proper order. To receive a plea in abatement, after a demurrer and a plea of the general issue, would be reversing the order of pleading. Besides this, a demurrer is not good in matter of abatement; and if in this case, a demurrer by the defendant, could not have been filed to the writ, this, can only extend back to matter of substance in the

declaration. This has been once before decided upon, by the former demurrer of the defendant to the plaintiffs' endorsement and declaration, and can not reach beyond the decision then made, and which has been cured by the leave given to amend, and the amendment made thereon. I am, therefore, of the opinion, that under the circumstances of this case, the demurrer does not reach beyond the plea.

But, admitting that it does, the Court, on examining the point contended for by the defendant, are satisfied that the writ and declaration are good, and that the defendant can properly be held to answer.

The writ described the defendants " as *merchants* heretofore trading under the firm of Smiley & Griffin," and the declaration charges them as being " merchants and co-partners heretofore trading under the firm and style of Smiley & Griffin." Here, in both cases, a partnership is charged to be in existence at the date of the writ, and the word " heretofore" has reference to the act of trading. They are not charged as *late partners*, thereby admitting a dissolution. Now, a partnership is a contract by which two or more persons engage to trade together for their mutual benefit, and the act of trading is the result of that contract; and unless it can be shewn that persons cease to be partners the moment they close their sales, it would be difficult to shew, in this case, that the present defendants are not charged as partners. This writ, then, charging the defendants as partners, a service upon one, is service upon both, by virtue of our statute, which declares, that " when any writ shall be issued against all the partners of a firm, service of the same on any one shall be equivalent to service upon all."[a]

But, even if there were any doubt on this point, the Court is not prepared to say, that in this case,

[a] Aik. Dig. 268.

Griffin, upon whom service was perfected, could take advantage of the error. He, at least, is present in Court, and can make his defence, and if any one can come into this Court to complain, it must be Smiley, who being absent, and having had no notice of the suit, may be injured. Griffin has no cause for complaint, and if he had denied the existence of the partnership, the plaintiffs, under the provisions of our act,[a] could have dismissed the suit as to Smiley, and have proceeded against him alone. But on these last points no opinion is given, as none is required.

[a] Aik. Dig. 268

The cause must be reversed, and remanded.