CUMMINGS VS EDMUNSON, adm'r, *de bonis non.*

*Questions as to judgments in the Circuit Court, for less than fifty dollars.*
*As to suits by administrators* de bonis non.
*As to particular averments in declarations.*

1. The question whether a plaintiff, in instituting suit in the Circuit Court for a larger sum than fifty dollars, and recoving less than that sum—has designed to evade the latter part of the statute of 1807, is one of discretion in the Court trying the cause, and which cannot be reviewed in this Court.
2. The affidavit required to be filed under the latter clause of that statute, is designed for the protection of the plaintiff from an improper exercise of the discretion of the Court.
3. And it seems, it would be error, for a Court to non suit a plaintiff, in a case, commenced for more than fifty dollars, but in which a recovery was for less—where an affidavit was filed as required by the statute.
4. One suing as an administrator, *de bonis non,* should aver in his declaration, the death of the administrator in chief.
5. It seems that in action by one, as an administrator, *de bonis non,* upon an instrument payable to the *"administrator"* of the estate, there should be an averment, as to who was the administrator, when the note was executed, and that the note was executed to him by that name and description.

On a writ of error to the Circuit Court of Tuskaloosa county.

Waddy Edmunson, administrator of all and singular the goods, chattels and credits, which were of William Edmunson, jun'r, deceased, at the time of his death, left unadministered by Samuel Dean,

5 P.        19

administrator in right of his wife, Parthena Dean, formerly Parthena Edmunson, wife of the said William Edmunson, jun'r, deceased, and administratrix, &c. declared against Thomas Cummings in an action of debt—For that whereas, the said defendant, theretofore, to wit, on the fifth day of March, in the year of our Lord, eighteen hundred and twenty-one, in Jefferson county, to wit, in the county aforesaid, together with James Dodds, Armstead Barry, George Tarrant, Peyton King, Isham Harrison, Thomas Tarrant, W. C. Tarrant, John Brown, Edward Sims, Washington Allen, Darby Henley, and James Brown, made their certain writting obligatory, sealed with their seals, and to the Court there shewn, the date whereof, was the same day and year aforesaid; whereby they acknowledged themselves to be held and firmly bound, unto the administrators of the estate of William Edmunson, jun'r, deceased, in the sum of nine hundred and thirteen dollars, to be levied of their goods, chattels, lands and tenements,—which said writing obligatory, was subject to a certain condition, thereunder written, to the effect, that it was to be void on condition that the said James Dodds did, within five years from the date thereof, discharge the said obligation, otherwise to remain in full force and virtue: and on the further condition, that if the said Dodds should fail, then the other obligors were only bound, each for the sum of seventy dollars, and twenty-five cents: And the plaintiff, "administrator, &c." averred, that said Dodds, had not within five years, from and after the date of said obligation, discharged the same.   By means whereof &c.

And the declaration closed in common form, with a profert of letters of administration.

The defendant plead—

First—*Non est factum.*

Secondly—Payment by Dodds, within the five years.

Thirdly—That plaintiff had no legal title or property in the bond sued on.

Fourthly—That the husband of the said Parthena Dean, in his capacity of administrator in right of his wife, had before the commencement of said suit, transfered the said bond by endorsement.

Fifthly—Payment, generally by the obligors.

Sixthly—That plaintiff was not the administrator, *de bonis non,* of Waddy Edmunson.

Seventh—That said bond before the commencement of said suit, was the property of another.

Eighth—Material erasure and alteration of the bond.

Ninth—Want of consideration.

Tenth—Payment by the other obligors.

The plaintiff took issue upon all the pleas, except the tenth—to which he demurred, which demurrer was sustained, and an order of amendment awarded. And afterwards came a jury, who rendered a verdict for the plaintiff of twenty eight dollars and twenty-five cents, parcel of the debt, together with eight dollars, ninety-six cents damages, and costs of suit.

The defendant by his counsel, then moved the Court for a non suit, because less was due when the suit was instituted than fifty dollars—which

motion the Court continued, that notice might go to the plaintiff.

The defendant having taken a writ of error, assigned as causes for reversal here—

First—That the Court below erred in sustaining the demurrer to the tenth plea.

Second—That the Court erred in rendering judgment on the finding of the jury for a less sum than fifty dollars.

Third—That the judgment was not responsive to the verdict.

Fourth—That the Court erred in failing to nonsuit the plaintiff, because of the recovery of a less sum than fifty-dollars, no affidavit, as required by statute, having been made.

Argued by *Crabb* for the plaintiff in error—*Peck*, contra.

GOLDTHWAITE, J.—A verdict was returned by the jury, which tried this cause, for a sum less than fifty dollars, and a judgment was rendered for the sum found to be due. It is now insisted that the Court below, instead of rendering such judgment, should have non-suited the plaintiff.

The previous decisions of this Court, on the statute of eighteen hundred and seven,* have not been *Aikin's Dig. 269, altogether consistent with each other, and we have now to decide, what we believe to be its just and and proper construction.

The enacting clause directs—"If any suit shall be commenced in any Court, for a less sum than such Court can legally take cognizance of, or if any per-

son shall demand a greater sum than is due, on pur-
pose to evade this act, in either case, the plaintiff
shall be non-suited and pay costs." Under the pro-
viso of the statute, a plaintiff may prevent the op-
eration of the latter part of the enacting clause, by
making and filing in the clerks office, an affidavit,
that the sum for which the suit is brought, is re-
ally due, but for want of proof, &c. a recovery is
barred. This contemplates two distinct classes of
cases, in one of which the Court, trying the cause, *Aikin's
                                                     Dig. 298.
has no discretion, but must non-suit the plaintiff;
but in the other, it is not made obligatory so to pro-
ceed, unless it shall appear, that a sum is demanded
beyond what is due, *on purpose to evade the act.* The
terms used in the statute, can we think, bear no
other proper construction. The Court trying the
cause, would be enabled to judge from all the cir-
cumstances, whether the suit was instituted, for the
purpose of giving a collusive jurisdiction; but an
appellate tribunal could never ascertain, with any
certainty, the intention, which influenced the plain-
tiff. Again, a suit might be commenced *bona fide,*
and a verdict, notwithstanding, be found for a less
sum than the suit should have been instituted for,
with a reference to the jurisdiction; or the amount
might be reduced by payments, which could in
some cases, be given in evidence under the general
issue.

The act certainly guards the plaintiff from any
injury from an improper exercise of the discretion
reposed in the Court, by permitting him in cases,
where an opinion prevails that he has improperly
used the jurisdiction of the Court, to avoid the con-

sequences, by making the requisite affidavit; and we do not hesitate to say that it would be error to render a judgment of non-suit, when such affidavit was interposed; but in all other cases under the latter clause of the statute, the action of the Court being discretionary, and to be governed by circumstances, cannot be the subject of revision here.

We are aware that this view of the statute, conflicts with some previous decisions of the Court. *Howard vs Wear,\**—*Curtis vs Gary*†—*Carter vs Dade*‡: But we feel it to be our duty to place the construction on principles which we think are consonant with the intention of the framers of the act.

*Minor's R. 84.
†Ib. 118.
‡1 Stew, 18.

Another question which arises in this case, is in relation to the decision of the Court below, of the plaintiff's demurrer to the truth of the plea of the defendant. This plea is evidently bad, for the reason that it assumes to answer the whole of the plaintiff's declaration, when in truth, it only answers a part; this is established by the commencement and conclusion. It commences *actio non* &c. and concludes with a prayer for judgment; but this demurrer exercises a most important influence on the case, if as contended, it opens the whole case for consideration; and judgment must be given for the defendant, if the declaration shall be proved to be vicious.

This rule of pleading seems to be established by an unbroken series of English decisions, from the time of Lord Coke, and has received full assent in most of the States of the Union:‡ and such also has been the uniform practice of this Court from its organization—*Mullins vs Cabbiness*§—*Summer-*

‡1 Saun. 219 n 7, 1 Chitty Plead. 663 n. 1. Gould Ple. 474.
§Minor 21

*ville vs Merrell*—Rogers et al vs Smiley et al.*† The
only exception to this rule seems to be the case of
a demurrer to a plea in abatement.‡

It is urged against the declaration, that no aver-
ment of the death of the administrator in chief, is
to be found in any part of it, and the inference is
drawn, that no title to sue is shewn by the plaintiff.
We find on examination that no statement of the
death of the administratrix in chief, is contained in
the declaration; nor does it in any wise appear, that
she was removed from the administration in the
estate of the intestate.

The plaintiff in the cause below, can only be en-
titled to sue on the claim which is the foundation
of this suit, by virtue of his representative charac-
ter, and we are unable to perceive any distinction,
so far as the *necessity of allegation* exists, between
his and any other case of a derivative title. An exec-
utor or administrator, must show in pleading the
death of the testator or intestate, although it may
not be necessary to prove it on the general issue; a
surviving co-partner must set out the death of his
partner; a joint obligor, who sues alone, must set
out the death of his co-obligors—and in the case we
are now considering, we cannot perceive why the
same reason does not prevail, when the suit is by
an administrator *de bonis non*. He claims title un-
der the administration, and if the administrator in
chief be not dead, he can have no title, whatever.
He may be termed an assignee by operation of law,
and there can be no good reason urged, why he
should not be obliged to state the sole fact from

which his authority as administrator *de bonis non,* is to be be derived.

We have not been able to ascertain if this question has ever before been presented to any Court, but all the precedents sustain the principles we have laid down, and we have no reason to doubt the justice of their application to this particular case.*

*2 Chitty P. 104.

Another objection grows out of this position.—From nothing alledged in the declaration does it appear, that the title to the writing obligatory, sued on, is not now in Parthena Dean, or in her husband, in her right. If she be living, she, or her husband, in her right, has the legal title to the instrument sued on, unless she has been removed from the administration, which does not appear, and cannot be presumed on demurrer.

Another objection yet remains to be considered. The writing obligatory declared on, bears date in eighteen hundred and twenty-one, and is payable to the administrators of the estate of William Edmunson, jun'r. Who were then the administrators, in no wise appears, nor is there any averment, that the writing obligatory, was made to Parthena Dean and her husband, or either of them, by that name and description; nor does the declaration alledge that they or either of them, were *then* the representatives of the estate. Again, the liability of the defendant is alleged to be, to pay the *administrators of the estate* of the decedent; thus seeming to attach the liability of the defendant to the *office*, and not to the *person* of the administrator.

The declaration cannot therefore be supported, and we reluctantly pronounce it to be bad. We

say reluctantly, because we think it probable that these objections have been taken for the first time, in this Court, and, because the very same questions, which we now decide, formed a part of the many issues submitted to the jury.

By the third plea, the question of title to the note, is directly put in issue; and by the sixth, the right to sue as administrator *de bonis non*, is controverted. But as the determination of the demurrer, must have preceded the trial of these issues, and as we must presume from the effect of the demurrer, that the questions we have noticed, were presented and decided against him in the Court below, the defendant did not go to trial voluntarily, and consequently cannot be presumed to have waived his demurrer.

We are of opinion that the judgment must be reversed; and as the defendant in error can be permitted to amend his declaration in the Court below, the cause is remanded.

COLLIER, J: not sitting.