# AVERY'S ADMINISTRATOR *vs.* AVERY'S HEIRS.

[PETITION TO PROBATE COURT FOR ORDER TO SELL LANDS, &C.]

1. *Administrator; petition by to sell land for distribution; what should allege.*—A petition by an administratrix for an order to sell the lands of a decedent for distribution among those persons entitled to the same, should not only state that the lands sought to be divided can not be equitably divided amongst the heirs or devisees, but it should also show that some one of the heirs or devisees desired or requested that division should be made.

2. *Same; when order of sale should be denied.*—On such a petition, a sale for division should not be made, when there are minor distributees, and no one interested in the distribution desires it to be made, and when the proofs show that it would not be to the interest of the minors that the partition should not be made in that way.

APPEAL from the Probate Court of Chambers.
Tried before Hon. JOHN APPLEBY.

The facts are sufficiently stated in the opinion.

W. H. BARNES, for appellant.—The appellant relies on section 2221 of the Revised Code, and *Costly v. Tarver*, 38 Ala. 107; *Pettit v. Pettit*, 32 Ala. 288; *Johnson v. Collins*, 12 Ala. 322; *Broome v. Monck*, 10 Ala. 607; *Rhem v. Tull*, 13 Iredell, 57; *Buckmaster v. Hairob*, 7 Vesey, 342.

E. G. RICHARDS, *contra.*—If the court erred in anything, it was in not visiting the petitioner's demurrer to defendant's answers to petition back on the petition, and dismissing the petition for the want of an averment of the necessity to sell said lands. As the law required that fact to be proved, (there being minors,) it ought to have been averred in the petition. But as the court dismissed the petition on the proof, no injury was caused by refusing to dismiss on the demurrer.—See 1 Porter, 107; 2 Porter, 249.

The whole case may be solved by answering the follow-

33

ing question: Is it the duty of the probate court to order the sale of lands on the petition of the administrator, for division, when the estate is large, and not indebted, so as to require a sale of any part of the real estate, either for the payment of debts, or for charges of administration, and where the heirs, both adults and minors, are opposed to a sale, and protest against a sale, and the proof is full and clear that it will be a sacrifice of the interests of the heirs for the lands to be sold, merely to gratify the wishes of the administrator, and to give him his commissions for selling, or to give him an opportunity to buy up, or to have the lands bought up, at a sacrifice?

Sections 2225, 2307, and 3123 of the Code all show that it is the duty of the court to protect the interests of minors and persons of unsound mind.

PETERS, J.—This is a proceeding in the probate court by an administratrix to cause the lands of the estate which she is administering to be sold for distribution among the heirs of her intestate. The petition was filed by the administratrix on the 24th day of September, 1868, in the probate court of Chambers county, in this State. It shows that the petitioner is the administratrix of the estate of Benjamin B. Avery, deceased, and that said decedent died seized and possessed in his own right of the lands sought to be sold, and that said lands are descendable to his heirs. The lands are particularly described, and it is alleged that they "can not be equitably divided amongst the heirs of said estate without a sale thereof." The petition also shows that there is a large number of heirs of the said decedent who are entitled to distributive shares in said lands, some of whom are of full age, and others are minors.

The petition does not show that there is any necessity for the sale of said lands, or that any of the heirs and distributees of the same request or desire the lands to be sold. It is properly verified by affidavit.

A guardian *ad litem* was appointed for the minors, who answered and denied the allegations of the petition, and demanded proof of the same. All the adult heirs appeared

by attorney, who also appeared as such for the minors, and they pleaded five pleas or exceptions in bar of the relief sought in the petition, and in objection to the sale. The *gravamen* of these pleas is, that the sale of said lands would not be for the benefit of said heirs, and it would be a sacrifice of the interests of contestants in said lands, and such a sale would be made against their wish and protestation. The petitioner demurred to each of these pleas or exceptions, and assigned several causes of demurrer, which deny the sufficiency of the pleas, inasmuch as they do not deny any of the allegations of the petition. The court below overruled the demurrers, and the petitioner thereupon replied, and took issue on the said pleas, and went to trial on the same.

The evidence taken in the cause shows that all the allegations of the petition were true, but that it would be to the injury of the contestants to sell that portion of the lands mentioned, which was covered by the widow's dower, before her death; that she was between fifty and sixty years old, and in poor health; that the whole quantity of the land was about twenty-three hundred acres, and of this, dower had been assigned to the widow, the petitioner, of eleven hundred and twenty acres; and that it would sacrifice the lands covered by the dower to sell them at the time of the application. It was also proven that several of the adult heirs objected to the sale, because it would result in a sacrifice of the lands covered by the dower.

Under this proof, the court below refused to grant an order for the sale, and dismissed the petition, with costs. From this judgment the petitioner appeals to this court, to have the action of the probate court reviewed and corrected.

Under the laws of this State, an administratrix is a trustee, and as such she is entitled to possession of all the property of the decedent not exempt from administration by statute, to hold the same, if there is no will, *first*, for the payment of such decedent's debts, and *second*, to distribute the residue, left after payment of debts and the expenses of administration, amongst those persons entitled

to the same.   If all the distributees are of age and capable
of acting for themselves, the final distribution may be
made without an order of court, if all the parties in interest
consent to it; and their release to the administrator on
such a distribution is sufficient for his discharge on his final
settlement.   But if some of the parties are minors, or in-
capable of acting for themselves, or will not consent to a
distribution without an order of court, then the distribu-
tion must be made by application to the probate court, and
proceedings under the statute for that purpose.   This is
particularly the case with respect to the personal property.
Rev. Code, §§ 2660, 2047, 2106, 2157, 2158; *Feagan v. Ken-
dall*, 43 Ala. 628; *Willis' Adm'r v. Heirs of Willis*, 9 Ala.
330, 334; 1 Williams Ex'r, p. [436]; *Perryman v. Greer*,
39 Ala. 133; *Marshall v. Crowe*, 29 Ala. 278.

The lands of the deceased descend at once to the heirs
as tenants in common, subject to the statutory burden of
paying his debts, if the personalty should be insufficient
for that purpose.   The title passes instantly to the heir on
the ancestor's death, where there is no will.   But notwith-
standing this, there is a statutory power over the real es-
tate given to the administrator for certain purposes; that
is, a power, under an order of the probate court, to sell the
same for the payment of debts and for distribution amongst
the heirs.—Rev. Code, § 1909; *Patton v. Crow*, 26 Ala. 426,
432; *Pettit's Adm'r v. Pettit's Heirs*, 32 Ala. 288, 311; *An-
derson, Adm'r, v. McGowan et al.*, 42 Ala. 280, 288; Rev.
Code, § 1888.   Then, the administrator's power over the
lands of a decedent, for distribution, is merely a statutory
trust in favor of the heirs.   This trust may be executed
under an order of the probate court.   This is a power con-
ferred upon that court by statute.—Rev. Code, § 2221.   It
can hardly be pretended that the legislative authority de-
signed that the power so conferred should be so exercised
as to injure the persons for whose benefit it was bestowed,
particularly if these persons should be minors, as in the
great majority of instances must necessarily happen.   Un-
doubtedly, a bill lies in chancery to partition lands held by
tenancy in common.—*Deloney v. Walker*, 9 Port. 497; *S. C.*,

5 Smith's Cond. R. p. 568. Then, this is a power of jurisdiction, that passed from the court of chancery to the court of probate. In such case, the practice in the latter court is governed by the practice in the former.—*King v. Collins*, 21 Ala. 363; Mitf. Pl. marg. p. 119, top p. 170. In such instances, the bill should show that the interests of the infants would not be injured by a sale for distribution, or that they desired the distribution to be made, and a sale for that purpose was necessary.—Mitf. Pl. marg. p. 120, 121; ib. [27]; 1 Story Eq. § 1327, 1333. Then, the petition should not only allege that there was a heritable seizen in the ancestor in the lands sought to be sold for distribution, but also that one of the heirs desired the distribution, and that there was such *necessity* for a sale as would justify it. This would render all the sections of the Code governing the practice in such applications harmonious and intelligible, and enable the probate court to protect the interests of minors in such cases, as a court of chancery would do. 1 Story Eq. §§ 1353, 1357; Rev. Code, §§ 2221, 2222, 2225, 2228; ib. 3105, 3106, 3108, 3120–21.

Under this construction of the statute and the powers of the probate court to decree sales of the lands of minor heirs for distribution, the application of the administratrix was insufficient, in failing to allege that some one of the heirs of her intestate desired a distribution of the lands in controversy, and that a sale was necessary, and would not injure the interests of the minors; and the demurrer to the pleas of the contestants should have been visited upon it, and it should have been dismissed, if the petitioner declined to amend it.—*Sommerville v. Merrill*, 1 Porter, 107; *S. C.*, 3 Smith Cond. R. 409; *Rodgers et al. v. Smiley et al.*, 2 Porter, 249; *S. C.*, 3 Smith Cond. R. 581.

The court, then, committed no error in overruling the demurrers.

The evidence objected to as to the mode of proving dower was immaterial, and being addressed wholly to the court, it can not be presumed that it had any effect in producing an improper judgment. Whether there was a dower incumbrance on the lands sought to be sold, was not

a question in the case. But the issue was, whether, in such an application by the administratrix, a sale ought to be ordered against the protest of all the parties in interest and to the injury of the minors. There was testimony quite sufficient, beside this, to have justified the court in coming to the conclusion that an order for a sale ought to be refused. In such a case, a reversal will not be allowed, although there might have been error in the ruling of the court below.—*Henderson v. Renfro*, 31 Ala. 101. The allotment of dower is a matter of record, and the only competent proof is a production of the record, or a properly certified copy, and parol proof to show that the lands named in the decree for the allotment of the dower was a portion of the lands mentioned in the petition for the order of sale for distribution.—Rev. Code, § 1636; 1 Greenl. Ev. § 501, *et seq.*

All the powers of an administrator over the lands of an intestate estate are those of a trustee. When the purposes of the trust are fully accomplished, these powers necessarily cease. It follows, then, if the estate is solvent, and all the debts of the deceased with the payment of which the land is charged by statute, are paid, that the power to sell for the payment of debts is gone. And for a like reason he is not bound to rent, because the lands, on the payment of the deceased's debts and the expenses of administration, become the absolute and uncharged property of the heirs. The administrator, in such a case, is not bound to distribute the lands, unless he is requested to do so by some of the heirs. And if he fails even then, it is not a *devastavit* for which he can be charged on his final settlement. Even after final settlement, the distribution may be effected by a direct application of the heirs, or any one of them, to the court of probate for that purpose.—Revised Code, §§ 3105-6, *et seq.* The administrator, then, in this case, could not claim that the trust to distribute the lands of the decedent was a right vested in her, which she was bound to execute in opposition to the wishes of the beneficiaries, and to their injury. I think this necessarily results from the reason of the authorities above quoted, and

JANUARY TERM, 1872.        511

the whole law upon the subject of the partition of lands held by tenancy in common in this State.

The judgment of the court below is therefore affirmed, with costs.

[NOTE BY REPORTER.—The opinion in this case was delivered at the January Term, 1871, but did not come into the Reporter's hands until the 5th of June, 1873.]