50  347
104  449

# Harralson & Co. v. Stein.

*Action for Price of Goods sold; Recoupment of Damages.*

1. *Delegation of agent's authority to sub-agent.* — The legal maxim, that an agent cannot delegate his authority to a sub-agent, is not of universal application to factors and commission-merchants, and can only be invoked by the principal, when sought to be charged by the act of the sub-agent.

2. *Recoupment of damages by purchaser, on partial delivery of goods sold.* — In an action by the vendor, to recover the price of goods sold and only delivered in part, the purchaser may recoup any damages sustained by him by reason of the failure or refusal to deliver the residue.

3. *Measure of damages for failure to deliver goods sold.* — The measure of damages which the purchaser is entitled to recover, or recoup, on account of the vendor's failure or refusal to deliver the goods, is the difference between the agreed price and the market price at the time they ought to have been delivered.

APPEAL from the City Court of Mobile.
Tried before the Hon. C. F. MOULTON.

D. P. BESTOR, for appellants.

R. & O. J. SEMMES, *contra.*

PETERS, C. J. — This suit was commenced before a justice of the peace, by Harralson & Co. as plaintiffs, against A. D. Stein as defendant, for the value of a box of tobacco sold and delivered by the plaintiffs to the defendant. Before the justice, the plaintiffs recovered a judgment against the defendant, and from this judgment the defendant appealed to the circuit court, where there was a trial *de novo.* On this trial there was evidence tending to show that Stein went to the plaintiffs, to purchase a lot of tobacco. When Stein arrived at plaintiffs' store, he met one of the plaintiffs, and informed him of his purpose to buy tobacco; and the plaintiff directed his clerk, Jordan, to " sell to Mr. Stein all the tobacco you can." The clerk then sold to Stein ten boxes of tobacco, which, except one, were in the United States bonded warehouse, and one was in the store of the plaintiffs. The sale was completed, except the payment of the money and the delivery of the tobacco. Before this was done, one of the plaintiffs, who were factors, and held the tobacco for sale in their character as commission-merchants and factors, and the same partner who had directed the clerk to make the sale, returned, and, being informed that the price at which the tobacco had been sold was sixty cents a pound, when the instructions of his principals were to sell it at

seventy cents a pound, he refused to deliver the tobacco under the sale by the clerk, except one box, which was in the store where the sale occurred. This box was delivered, and carried away by Stein, at the price agreed on between Stein and the clerk. The clerk was the general agent of the factors, authorized by them to sell any goods consigned to them, intrusted to his care. This sale by the clerk was made on the 16th day of February, 1872. A few days after this, Stein returned to the store of Harralson & Co., asked for his bill, and proposed to pay for the tobacco sold to him by the clerk, and demanded the delivery of the tobacco under the sale by the clerk. The sale was then repudiated by Harralson & Co., and they refused to receive pay for the same, and to deliver it to Stein. The weight of the tobacco in all the boxes was shown to be about six hundred pounds. The quantity of the tobacco in the box which was delivered was also shown. Stein refused to pay for this; and Harralson & Co., in their own name, sued to recover its value ; and Stein pleaded, in recoupment of damages, that he had been injured by Harralson & Co. by their failure and refusal to deliver to him the tobacco, which they had sold to him by their clerk, to a greater amount than the value of the tobacco which had been delivered, and for which the present suit was brought. There was a judgment for Stein in the court below, and Harralson & Co. appealed to this court.

There were two questions raised on the trial below, which were decided adversely to the appellants, to which they excepted, and which are insisted on as error in this court. The one was, that the appellants, being factors and commission-merchants, could not make a sale of the goods consigned to them, by the agency of their clerk. The other was as to the measure of damages when insisted on by way of recoupment.

1. Upon the first proposition thus presented, it is contended that the appellants, being factors and commission-merchants, were merely the agents of the owner of the tobacco, and could not sell it by their clerk. This is said upon the principle, that an agency being a delegated authority, it cannot be executed by a sub-agent; which is expressed in the maxim, Delegata potestas non potest delegari. But this maxim seems to refer to those agencies which involve the execution of a bare power; and although this may apply to factors and commission-merchants in certain cases, yet it is not, as to them, an universal restriction. Story on Agency, §§ 13, 14; 2 Kent, p. 633, marg. But this principle is only invoked, when the attempt is made to bind the owner by the acts of the sub-agent. It is otherwise, when the factor assumes the position of principal, and the contract is attempted to be enforced in his name, as

is the case in the present suit. When this is the case, the factor makes himself the principal in the transaction, and his clerk, who acts under his direction, becomes his agent; and in this way he consents to be bound by the law which governs the acts of parties who sustain such relations as principal and agent. It has been repeatedly settled by this court, that an administrator may bind himself, by a sale of the decedent's personal property, which is void as to the estate; for the reason, doubtless, that he will not be permitted to undo what he has deliberately done to another's injury. *Snedicor* v. *Mobley*, 47 Ala. 507; 12 Ala. 298; 5 Port. 64. Here, the sale was made by the factors' clerk, by their direction, and they are seeking to enforce it in part by this suit. If they choose to act in this way, they submit thus to be bound. The same would be the case with the vendee. After the sale is completed, neither party to the contract can repudiate it. Such is the case here.

2. A party who makes a sale of goods, and refuses or fails to deliver them to the vendee, without sufficient reason, becomes liable to the purchaser for such damages as this failure or refusal may occasion. It is a breach of the contract of sale. But, if part of the goods are delivered without payment of the price agreed upon, and there is suit by the vendor, as in this case, for the price of the goods sold and delivered, then the defendant may insist, by way of *recoupment*, on allowance to him of such damages as he could have recovered in a cross action. Sedg. on Damages, p. 496 top, 431 marg. *et seq.*; *Martin* v. *Hill*, 42 Ala. 275, and cases there cited.

3. The measure of damages, when a contract for the sale of chattels is broken by the vendor failing to deliver the property according to the terms of the bargain, is, as a general rule, the difference between the contract price and the market value of the article sold, at the time when it should have been delivered. Sedgw. Damages, p. 295 top, 4th ed. 1868, and cases in note 1.

The rulings of the court below seem to be in conformity with the law as above expounded. They were, therefore, correct. The judgment of the court below is affirmed.