PISTOLE VS STREET, adm'x.

*As to reference of legal questions to a jury.*
*As to the powers of one, administrator in right of the wife.*

1. Where a bill of exceptions, shews that an inferior Court, with other subjects, refered to the determination of a jury, has included a legal question, it will not be presumed that *that* particular question, might have been determined by the Court, because other instructions appear to have been given, which are not particularly set out.
2. Where an administratrix marries, the husband during the joint lives of the wife and himself, is invested with all the rights of the administration, and she becomes incapable of controlling the property of her intestate, or the acts of her husband, in disposing of it.
3. Thus—where one, being an administratrix, marries, and the husband sells the personal *estate of her* intestate, during coverture—she cannot after his death maintain an action, in her capcaity of administratrix, to recover the property thus sold.
4. Where in such case, a statute of South Carolina was relied on, which declared all sales of personal property by administrators or executors, without an order, &c. void—it was held, that the act, being intended for the protection of creditors and legatees or distributees, against personal representatives and their vendees; and not for the security of the representrtives against their own wrongful acts,—the administratrix could not, under it, avoid sale of property made by her husband, during coverture.

On a writ of error to the Circuit Court of Marengo county.

Tirza Street, as the administratrix of the estate of Eleaza Lee, declared against Cainan Pistole, in the action of detinue, for a slave.

To the declaration there was a demurrer, which being sustained; the plaintiff had permission to amend. The defendant then pleaded—

First.—*non detinet.*

Secondly.—A special plea that the plaintiff was not the administratrix of Eleazer Lee: and thereupon came a jury, who found a verdict for the plaintiff.

It was shown by a bill of exceptions, taken in the progress of the cause, that among other facts proved by the plaintiff and defendant, it appeared in evidence, that the said plaintiff administered upon the estate of her first husband, Eleazer Lee, in the State of South Carolina, in the year, eighteen hundred and twenty, of which said estate, the negro slave, in controversy, was a part: that her said administration being still unclosed, after the grant thereof, she intermarried with George P. Street, and afterwards removed with him, from the State of South Carolina, and settled in said county of Marengo,—bringing with them, the said negro: that some time after their settlement in said county, the said George P. Street, sold the said slave to the defendant. As to whether the said plaintiff made any disclosure as to the title to the said slave, though cognisant of the sale, there was some discrepancy in the proof. Some time after the sale, said George P. Street died.

It appeared in evidence, that a law was passed by the Legislature of South-Carolina, in the year

5 P.        9

eighteen hundred and twenty-four, some four or five years previous to the defendant's purchase of the said slave, in the words following:

"And be it further enacted, that on all sales of personal property, hereafter to be made by executors and administrators, they shall first obtain an order from the Court of Ordinary or the Court of Equity; and no sale hereafter made without such order, shall be valid in Law or Equity—except it be directed by the will."

The Court, among other things, instructed the jury, that the right to administer the estate of Eleazer Lee, devolved upon the said George P. Street, by virtue of his intermarriage with the administratrix; and during the continuance of the coverture of the administratrix, her right as such became superseded; but when she became discovert, by the death of the said George P. Street, she had the right to administer the estate of the said Eleazer Lee, so far as it remained unadministered: and if the sale by the said George, to the defendant, of said slave, passed to him no title, she might then as such administratrix, maintain her action to recover him.

The defendant, by his counsel, moved the Court to instruct the jury, that the plaintiff, being a distributee of the estate of Eleazer Lee, deceased, her share, by her intermarriage with George P. Street, vested in him; that he had a right to sell it; and a sale by him, made his vendee, and the other distributees, tenants in common; so that the plaintiff could not maintain her action. Whereupon the Court remarked, that no proof had been offered, to

shew that there ever had been any distribution of the estate of Eleazer Lee; nothing to shew that George P. Street, ever possessed himself of that estate, as husband of the plaintiff, so as to vest a title in himself, in that character; and the only title he could have claimed in the property, so far as we are informed by the proof, was under his administration in right of his wife. And though it were granted, (and the Court was willing to concede it,) that the plaintiff was entitled to the distributive share of the estate of Eleazer Lee, yet as a distribution, or some act equivalent in law, must have been made or done, in order to have divested the legal title of the administratrix of Eleazer Lee, and vested it in her husband, George P. Street—this not being been done, the instruction prayed, could not be given.

To all which defendant excepted, and took a writ of error.

*Erwin*, for plaintiff in error—*Stewart & Thornton*, contra.

HOPKINS, C. J.—The defendant in error, obtained letters of administration, upon the goods and chattels of Eleazer Lee, deceased, in the State of South Carolina, in the year, eighteen hundred and twenty; and was afterward married to one George P. Street, with whom she moved to this State, before her administration was closed. They brought with them, to this State, the slave in controversy between the parties. The slave came to the hands

of the administratrix, as a part of the personal property of her intestate. Some time after the settlement of her husband and herself in this State, he sold the slave to the plaintiff in error. Several years before the sale, a statute was enacted by the Legislature of South Carolina; the effect of which is to annul at law, and in Equity, all sales of personal property, made after the passage of the act, by executors or administrators, without an order previously obtained, from a Court of Equity or a Court of Ordinary, except such sales were directed by will.

After the death of George P. Street, the defendant in error, as administratrix of Lee, brought the action of detinue in this case, against the plaintiff in error, to recover the slave.

Upon the trial of the cause, the Court below, instructed the jury, that the right to administer the estate of Lee, devolved upon George P. Street, by his marriage with the administratrix, and during the continuance of her coverture, her rights as administratrix, were suspended; but after the death of her husband, she had the right to administer the estate of her intestate, so far as it remained unadministered, and if the sale, by her husband, of the slave, to the plaintiff in error, passed no title to him, she might now, as administratrix, maintain her action to recover the slave. These instructions, together with others, which we do not deem it material to take notice of, were excepted to by the plaintiff in error.

One objection to a part of these instructions is,

that the Court submitted the legal question, whether the sale transferred any title to the purchaser, to the jury, to be determined by them.   It is contended by the counsel, for the defendant, that this objection does not show there was any error in the instructions, because it is admitted in the bill of exceptions, that other instructions were given, which do not appear in it, and if they had been inserted in the bill, it might appear that the Court did decide the question.   It cannot, we think, be reasonably intended, that a Court, omitted in a bill of exceptions, any part of the opinion to the jury, upon the same subject that the part excepted to, related, and which would show that the latter part was proper.   In practice, it is usual, where one instruction is excepted to, and it is connected with or qualified by another, which was also given, to insert the latter in the bill of exceptions.   The party who excepts, has no right to garble an opinion, and the presumption is, a Court would not suffer it to be done.

The question, whether the plaintiff in error acquired any right under the sale, did arise from the proofs in the cause; and from the record, it appears, the question, which was a legal one in its character, was referred to the jury.   We think it probable, that one word was substituted for another, by mistake, either in preparing the bill of exceptions, or in transcribing it.   But we have no alternative. The point must be decided as the record presents it, and for the error in refering a legal question to the jury, the judgment must be reversed.

As the question, whether the administratrix can maintain the action, was argued at the bar, and the cause must be remanded, we shall express our opinion on the point.

The principle is, we think, well settled, that upon the marriage of an administratrix, her husband acquires all the rights of the administration, for the joint lives of his wife and himself, as fully as if it had been granted to himself.[*]

*1 Wm's Ex. 408— 2 Ib. 632, 633, 634.

During the coverture, the administratrix is incapable of doing any valid act, in relation to the property of her intestate, or of controlling the husband in any disposition he may chose to make of it.[†]

†2 Wm's Ex. 632, 633,

As she voluntarily entered into the marriage, the effect of which, made her husband the administrator in her right, his disposition of the property is treated as her own, and the legal consequences of his acts in relation to the property, are the same to her, as if she had not been a feme covert, and the same acts had been done by herself. As she survived her husband, the rights of the administration survived to her; but she can avoid no act which he did, upon the ground that it was done without her knowledge, or against her consent. If the sale were made without authority, it was a wilful breach of trust in the administratrix and her husband, for which the creditors and distributees of the intestate, if there be any of either class of persons, are not without a remedy; but the administratrix has no rightt to maintain an action to repair the *devastavit*. She has converted the slave to her own use, and for that injury to the persons who may be beneficially enti-

tled to the property of her intestate, she is responsible as administratrix; and there is no principle which enables her to avoid the responsibility, by recovering the slave, against a sale that must be treated as her own. We know no case, in which a trustee, who had converted the property he held in trust, has been allowed to recover it of his vendee.*    *1. Wm's Ex. 403—

The object of the act of South Carolina, which 2 Ib. 613, 1129, is a part of the evidence in this case, was the pro- 1130, tection of creditors and legatees or distributees, against private sales of the property. Such sales might be made in many cases, at prices greatly less than the value of the property, and where the excess of the value over the price accounted for, might be divided between personal representatives and their vendees, and the classes of persons now protected by the act, would be unable to prove the fraud and avoid the sales. The act was made to increase the facility of avoiding frauds. The protection intended by it, is for the classes of persons which have been mentioned, against personal representatives and their vendees; and not for such representatives against their own wrongful acts.

The case of a personal representative, who attempts to avoid his unauthorized sale, is not within the mischief, for which the act intended a remedy, and such a representative is not entitled to the remedy. The remedy given by every act, like the one in this case, is always limited to the mischiefs, the act was intended to prevent.

It has been decided, that an act which declared

every gift, or conveyance of land, and every other contract made to defraud creditors and subsequent purchasers, utterly void, did not enable a donor or grantor, to avoid his fraudulent gifts, or his conveyances.*

*1 Ham.
R. 469.
Ohio Con.
R. 207.
1 Stew'ts
R. 278.
18 John's
R. 515.

The judgment is reversed, and the cause remanded.

COLLIER, J. not sitting.