## ATWOOD v. PIERSON.

1. The levy of a sheriff, or the lien of an execution, does not change the title of the defendant in execution into a mere right of action, but he may transfer or sell the property in the same manner as if no levy, or lien existed, though in the hands of his assignee, it will continue subject to the levy, or lien.

2. So too if the goods of a stranger are levied on, his title yet remains, and he may sell or transfer it, in the same manner as if no levy was made, so long as it remains in the custody of the law, but subject to the question of right arising out of the levy.

Error to the Circuit Court of Wilcox.

CLAIM interposed by Pierson, as trustee for his wife, to certain articles of furniture, &c., levied on by attachment, at the suit of Atwood, as the goods of Pierson. The attachment was levied the 7th November, 1844, and the claim seems to

Atwood v. Pierson.

have been interposed in February afterwards, as the claim bond is dated in that month.    The affidavit for the claim is not in the transcript.

At the trial of the right of property, it was in evidence, the attachment was levied the 7th November, 1844.    The deed of trust under which the claimant made title, was executed 29th January, 1845, by one Reese to the claimant.    Theodore H. Croft and John W. Pierson, conveying certain property in trust for the separate use of Mrs. Pierson.    It also appeared that the property conveyed by this deed had been sold under execution against Pierson, as his property, in the early part of 1843, when Reese became the purchaser, but left it in the possession of the said Bird M. and one P. Pierson as his agents.    It also appeared that the two Piersons had sold a part of the property and accounted to Reese for the proceeds and paid over the money to him.    That Bird M. Pierson, the debtor, at the time of the sheriff's sale was wholly insolvent; that it was understood by those attending the sheriff's sale, (about a hundred persons in number,) that Reese intended purchasing the said property for the separate use of Mrs. Pearson; that property to the value of $3,000 was sold at said sale, when Reese purchased it for $250, which he paid with his own money.

Upon this state of facts, the plaintiff requested the court to charge the jury, that if they believed the property in dispute was held adversely to Reese, at the time when he executed the deed of trust to the claimant, then the claimant took no title under the deed, and therefore they should find the property subject to the attachment.

This was refused, and the plaintiff excepted.

This refusal to charge is the only error assigned.

B. F. PORTER, for the plaintiff in error, insisted that a conveyance of lands held adversely to the grantor passes no title, and the rule should be more strict in cases of personalty, because delivery is requisite, and nothing passes without it. [Goodwin v. Lloyd, 8 Porter, 237.]  The lien of attachments are the same as executions.    [3 Munf. 417 ; 3 Porter, 138; 1 McCord, 480.]

83

Atwood v. Pierson.

GOLDTHWAITE, J.—1. The question presented by this record is entirely novel, but is one of such important bearings in many respects, that it deserves to be most carefully considered. It may be conceded, when property is attached, or seized under execution, it is at once within the custody of the law, but does it also follow, that the rights of the true owner are so entirely divested, as to render any contract invalid to pass his title to another? It may be as well to examine the principle asserted, in the first instance, in connection with the debtor whose estate is thus seized. The right which the sheriff, or other officer, acquires, gives a special property only, and this for the sole purpose of enabling him to perform the duty which the law enjoins. But the general property, as well as the title, remains in the debtor, clogged, it is true, with the lien created by the levy, and so it would be, in like manner, if instead of actual seizure the execution was in the sheriff's hands. It cannot be said, therefore, that the seizure creates an adverse title to the debtor, for the general property remains with him, capable of disposition in any way which does not impair the lien. In this view, the decision of this court in Goodwin v. Lloyd, 8 Porter, 237, and Brown v. Lipscomb, 9 Ib. 432; Foster v. Goree, 5 Ala. Rep. 424; Wier v. Davis, 4 Ala. Rep. 442, do not bear on the case. The right which the sheriff sells, is the title of the defendant in execution, and we cannot well conceive a more palpable contradiction of terms, when it is said the possession of the sheriff is adverse to the title of the party, inasmuch as that identical title is the only one which the sheriff can convey. It is true, the debtor in this case, has no concern with the title, as that passed from him at a previous day; at least such is what the case admits, as no question of fraud is raised by the exception.

2. The cause then stands on the naked assertion, that the true owner's possession and title, is turned into a mere right of action, whenever the sheriff, or other executive officer, wrongfully seizes it. We cannot think this assertion can be sustained to its full extent. It certainly is true, the injured party, if he chooses, may elect to consider the sheriff as a *tort feasor;* and if he does so elect, it is quite possible he would not be permitted to assign his right of action. But our sta-

tutes allow another mode by which the party can be reinsta-
stated in his rights; by interposing a claim, and make this a
release to the sheriff of any action which may accrue to the
claimant for the wrongful taking.   In our judgment, the
title of a party thus circumstanced, is not turned into a mere
right of action, until a sale is made by the sheriff, or until by
lapse of time, or direct disclaimer, he has evinced his deter-
mination to hold as an individual, and not as the officer of
the law.   So long as the property remains in the custody of
the law, no rights are divested or changed, and there seems
to be no reason of public policy which forbids the transfer of
title to another, under such circumstances.

The result of what we have said is, that the levy created
no legal impediment against the transfer of Reeses' title to
the claimant, as a trustee for his wife, and the only effect of
the levy upon the transfer, was, to clog it with all the legal
consequences to which the property was liable if Reese had
not made the transfer.

Judgment affirmed.