38   647
116 420

## BEENE'S ADM'R *vs.* COLLENBERGER & CO.

[SETTLEMENT OF INSOLVENT ESTATE—CONTEST AMONG CREDITORS.]

1. *Verification of claim, sufficiency of.*—An affidavit, made by an agent, who states that "he knows the within claim is just, true, and unpaid," is a sufficient verification of a claim against an insolvent estate (Code, § 1847); but, if the affidavit describes the claim as "charged against the estate of *Jesse B.* deceased," instead of *Benjamin Y. B.*, it will not support a decree allowing the claim.

2. *Unauthorized sale of personalty by administrator.*—A sale of personal property by an administrator, without an order of court, or under an order which is void for want of jurisdiction in the court, is absolutely void, and will not support an action against the purchaser to recover the agreed price.

3. *When action lies to recover money paid by mistake.*—The purchaser of personal property, at a public sale made by an administrator under a void order of court, is chargeable with notice of the administrator's want of authority, and cannot maintain an action against him to recover back the purchase-money, after the property has been recovered by a succeeding administrator *de bonis non.*

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Benjamin Y. Beene, deceased, which was declared insolvent on the 12th April, 1858, and against which a claim was filed by the appellees on the 3d July, 1858. The appellees' claim set out a bill of sale for two slaves, which was signed "Benjamin Y. Beene, adm'r," and in the following words: "Received, Selma, July 7, 1855, of A. Collenberger & Co. seven hundred and eighty-five dollars, in payment for the slaves Sylvia and Henrietta; which said slaves were sold as under an order issued from the probate court of Dallas county on the 30th June, 1855, and purchased by the said Collenberger & Co., as the property of Ellen Chapman. The said slaves I warrant, as administrator, to be sound." Beneath this bill of sale was made out an account against the estate of Beene, in favor of Collenberger & Co., consisting of the following items: "July 7, 1855. To amount of above bill of sale, (the title to said slaves being now contested, on the ground that said Beene had no right to sell them under any order of probate court,) $785;" "interest on above, to day of allowance;" and, "cost of litigated title to said slaves." The original affidavit, verifying the claim, was made by one Dublon, before a justice of the peace, on the 2d July, 1858, and stated, "that he believes the above demand to be just and correct, and that the same is unpaid;" but an amended affidavit was made by one E. Ikelheimer, on the 3d May, 1860, stating that "he knows the within claim is just, true, and unpaid, as charged against the estate of Jesse Beene, deceased."

On the 28th March, 1859, the administrator filed the following written objections to the allowance of this claim: "1st, because the affidavit states only the belief of an agent, and because the affidavit is insufficient; 2d, because said claim is not a proper charge against said estate;" and, 3d, "to the claim for costs, because no amount is stated, and it is not sworn to as required by law." On the trial, also, the administrator moved to reject the claim, "on the ground that the affidavits filed in support of it were insufficient," and reserved an exception to the overruling of his objection.

The claimants proved, that the slaves were sold by said Beene, as the administrator of Ellen Chapman, deceased, at public outcry, and were bought by one Ikelheimer, as their agent, who received the bill of sale for them, and afterwards paid the note given for the purchase-money, which was $785; and that the slaves were afterwards recovered from said Ikelheimer, who held under them (claimants), by Evans & Portis, as administrators *de bonis non* of Ellen Chapman. They also offered in evidence the record of the suit brought by Evans & Portis against Ikelheimer, and the records of the probate court relating to Beene's administration on Ellen Chapman's estate; all of which are set out in the report of the case (*Ikelheimer v. Chapman's Adm'rs*) in 32 Ala. 676–702. The order of sale, under which the slaves were sold by Beene, was held void by this court; and the recovery against Ikelheimer was based on the invalidity of the order.

On the evidence above stated, the court allowed the appellees' claim; to which the administrator excepted, and which he now assigns as error, together with the overruling of his motion to reject the claim on account of the insufficiency of the verification.

WHITE & PORTIS, for appellant.
BYRD & MORGAN, *contra.*

STONE, J.—The decree in this case must be reversed, for a defect in the amended affidavit of verification. The amended affidavit is sufficient, if it had established the claim against the proper estate. It proves the claim against the estate of *Jesse* Beene, deceased, instead of *Benjamin Y.* Beene. This may be a clerical error, but we find it carried into both the original and amended records.

Here this opinion might close; but we feel it our duty to pass on the merits of the controversy.

[2.] The following propositions are conclusively settled by the former adjudications of this court. *First :* The sale of Mr. Beene, the administrator in chief, was abso-

lutely void.—*Pistole v. Street*, 5 Porter, 64; *Weir v. Davis*, 4 Ala. 442; *Dearman v. Dearman, ib.* 526; *Fambro v. Gantt*, 12 Ala. 298; *Lay v. Lawson*, 23 Ala. 390; *Wyatt v. Rambo*, 29 Ala. 519; *Hall v. Chapman*, 34 Ala. 553; *Ikelheimer v. Chapman*, 32 Ala. 676. *Second:* Mr. Beene could not have maintained an action on the contract of sale to Collenberger & Co. The sale being contrary to law, would not support an action.—*Fambro v. Gantt*, 12 Ala. 298; *Pettit v. Pettit*, 32 Ala. 288.

[3.] From the two propositions stated above it results, that Messrs. Collenberger & Co. were under no legal obligation to pay Mr. Beene the money bid at the sale; and hence, the payment by them must be pronounced voluntary. Buying, as they did, at an administrator's sale, the law charges them with notice of his want of authority. Money voluntarily paid, under circumstances like the present, can not be recovered back. If there was any mistake, it was a mistake of law, and not of fact.—*Town Council v. Burnett*, 34 Ala. 400, and authorities cited.

We deeply lament the result we are compelled to arrive at in this case. It works a most palpable injustice, from which we would gladly relieve the purchasers at the void sale. We have struggled to find some argument, by which we could arrive at a different result, but have found none. The decisions of this court have left the law arising on questions growing out of void sales by administrators, in a deplorable state of confusion and hardship. This we could not relieve, without boldly disregarding and overruling principles which have long been considered as settled. The evils consequent upon a change of decision, might, and probably would, be greater than will result from an adherence to former adjudications. Another co-ordinate branch of the government can apply the corrective, without disturbing titles and possessions which now rest in confident security.

This opinion has been prepared near two years. We have held it up, in the hope that we might find some solution of the question more accordant with our wishes. Our

hopes have not been realized, and we now announce the foregoing as our deliberate judgment.

Reversed and remanded.