## CARTER'S HEIRS vs. CARTER'S ADM'RS.

[FINAL SETTLEMENT OF DECEDENT'S ESTATE.]

1. *Void conditions.*—A void condition, annexed to a legacy or devise, if precedent, defeats the bequest; if subsequent, has no effect.
2. *Same; testamentary provision for emancipation of slaves, or privilege to go at large.*—Under the constitution and laws of this State in May, 1861, a testamentary provision for the emancipation of slaves, or for the privilege of going at large and enjoying the profits of their own labor, was void; and a devise or legacy, the vesting of which was made to depend on the precedent condition, that certain slaves, which belonged to the father of the legatees, should be manumitted by him, or suffered to go at large and enjoy the proceeds of their own labor, was defeated by such void condition.
3. *Jurisdiction of probate court, in settlement and distribution of decedent's estate.*—Where all the property of a testator has been distributed, by order of the probate court, at the instance of the administrators, according to the provisions of the will, that court has no jurisdiction, on the petition of the testator's heirs-at-law and next of kin, to render a decree against the administrators, on final settlement, on the basis that the provisions of the will are void; the remedy of the heirs is in chancery.

APPEAL from the Probate Court of Clarke.

In the matter of the final settlement and distribution of the estate of Claiborne Carter, deceased, by Samuel T. Boykin and Robert D. James, administrators with the will annexed, at the instance of Benjamin W. Carter and others, as heirs-at-law and next of kin. Said Claiborne Carter died in said county, where he resided, in May, 1861, after having made and published his last will and testament, which was dated the 20th June, 1853, and which contained a clause in the following words:

" After paying all my debts and funeral expenses, I give, bequeath, and devise, unto Francis B. James, Maria C. James, and Robert D. James, junior, children of Robert D. James, all my estate, real and personal; to have and hold the same, after my death, forever ; on this condition nevertheless, that the said Robert D. James do, immediately

after my death, manumit and set free seven certain negro children owned by him, and now in his posession in Clarke county, to-wit : John, Wesley, and Albert, yellow boys, and also Milly, Mary, and Alabama, (all brothers and sisters, and children of Ellen, now dead,) and Ellen, a child of said Milly, and also all the children that any of the said negroes may hereafter have. And if said Robert D. James shall fail to give the said negroes their freedom, as far as the laws of the State will permit, or so that they may enjoy their liberty, and the profits and results of their own work and labor ; or should said slaves be kept at work, against their own will, after my death; or should they ever be sold, carried away, or in any way disposed of, either by said James, his children, heirs, creditors, or any one claiming under or through him, so that they are deprived of liberty of working for themselves, and of disposing as they please of their own time, under the laws of the State ; or should they hereafter ever be taken for the debts of any of the children of said James, or their heirs, and put into a state of slavery,—then this devise and bequest to be, and in that event is hereby declared to be, utterly void, and all my estate is to revert to my next of kin and legal heirs. The true intent of this will is, to give all my property for the liberty and freedom of the said negroes, so that they may enjoy the same as far as the law of the land will allow, and good conscience, honesty and right will protect. And I do make and constitute the said donees, Frank, Maria, and Robert, agents and guardians of said negroes, to see to and protect them in their liberty and rights ; and if either the said Frank, Maria, or Robert die, this power is to go to the survivor thereof. If either of the donees, Frank, Robert or Maria, die before me, then the survivors thereof who may be living at my death shall take under this will." ✓

Said decedent's will was duly proved and admitted to probate in said county, on the 17th June, 1861; and, on the same day, letters of administration on his estate, with the will annexed, were granted to Samuel T. Boykin and Robert D. James, jr. On the 10th December, 1861, said probate court rendered a decree, in the matter of said estate, which was as follows: " Samuel T. Boykin and

Robert D. James, the administrators with the will annexed of Claiborne Carter, deceased, having filed in this court their petition in writing, setting forth that said estate is solvent, and that with the money on hand, and the crop which will be made and on hand, there will be ample funds on hand for the payment of the debts due by the said deceased; and further, that they desire a decree of said court, authorizing them to divide the negroes and personal property of said estate among those entitled under the will of said decedent, all of whom are of mature age : It is therefore ordered by the court, that Thomas J. Nichols" and four other persons " be, and they are hereby, appointed commissioners to divide the negroes and personal property of said estate, consisting " &c., (specifying the names and ages of the negroes, and describing the other personal property,) " among those entitled under the will of said decedent, to-wit : Francis B. James, Robert D. James, and Maria C. Boykin, wife of Samuel T. Boykin, each of whom is entitled to one-third of said property; and that said commissioners return their proceedings in the premises on the 2d day of January, 1862." Under this order, the negroes and other personal property were divided by the commissioners, and a return of the division was made by them to the court on the 21st December, 1861.

On the 6th April, 1863, a citation was ordered by the court to said administrators, requiring them to file their accounts and vouchers for a final settlement; the order appearing on its face to be made by the court *ex mero motu.* The administrators accordingly filed their accounts, and the 11th May, 1863, was appointed for the settlement, notice of which was ordered to be published; but the settlement was postponed on that day, until the 17th August then next. On the 30th July, 1863, a petition was filed in said court by Benjamin W. Carter, on behalf of himself and several other persons, as heirs-at-law and next of kin of said Claiborne Carter, alleging that the provisions of the will were void, and praying that, on the final settlement, all the property of the estate might be divided among them. The administrators filed an answer to the petition, denying the asserted interest of the petitioners in the estate, alleging the validity of the

provisions of the will, and setting up the division and distribution of the property under the order of the probate court as above stated. The petitioners filed a replication to this answer, asserting, 1st, that they were the heirs-at-law and next of kin of the decedent; 2d, that the provisions of his will were void; and, 3d, that the alleged division and distribution of the property was void, because made without notice to them; and issue was joined between them and the administrators on these several averments. On the trial, as the bill of exceptions shows, the petitioners adduced evidence of their heirship, and read in evidence all the orders and decrees of said court in the matter of said estate, as above mentioned; "all of which testimony was offered and read without objection." It was admitted, that Robert D. James, senior, died on the 2d November, 1860, after having made and published his last will and testament, which was dated the 18th August, 1858, and was duly admitted to probate in said county, after his death; "also, that his executors, the trustees of these Carter negroes, appeared in court, and insisted on their right to hold said negroes under the directions of said will; and that said negroes had been treated with kindness, and given as much liberty as was permitted by law; and that they still hold said negroes in their custody, according to the trusts in the will of said James, and in compliance therewith; also, that said Claiborne Carter died about the 24th April, 1861, and left no widow, children, or descendants of children, so far as is known." The administrators read in evidence, without objection, the will of said Robert D. James, the 5th item of which was as follows:

"Whereas Claiborne Carter, of said county of Clarke, by his will dated the 20th June, 1853, and witnessed by W. S. Trigg, Wm. C. Whitaker, and David J. Whitaker, did provide that, at his death, certain property, therein named and specified, should vest in and become the property of Francis B. James, Maria C. James, (now Maria C. Boykin,) and Robert D. James, upon certain conditions and limitations: Now, in consideration of said bequests, and in full belief that the provisions of said will are in good faith to be carried into effect, and upon the express condition that

the slaves and other property in said will devised and bequeathed to Francis B. James, Maria C. Boykin, and Robt. D. James, shall, at the death of the said Claiborne Carter, be delivered up to them, as provided in said will; then, and in that event, I give and bequeath unto my son, Francis B. James, the slaves hereinafter named, and which are excepted from the residuary clause of my will, to-wit: John Carter, Albert Carter, Wesley Carter, Milly Carter and her children (Ellen, Edward, and Claiborne), Mary Carter and her child (Margaret), and Alabama Carter, and their increase from the date of this my will; in trust, however, and upon the following purposes—that is to say, that from and after the death of Claiborne Carter, the said Francis B. James, his heirs, or assigns, shall, in no case, and upon no pretext or pretense whatever, exact, compel, or require personal service or labor, or the hires, proceeds, or profits thereof, of or from the said slaves; but that the said slaves shall be allowed their own time and service, with the profits and moneys arising therefrom, with full and free privilege and permission to go, return, live and reside whithersoever they may desire or select, without molestation, let, or hindrance, from or by the will, order, or authority of the said trustee, Francis B. James; and that they shall, under all circumstances, and in all respects, be allowed the rights, immunities and privileges of free white citizens, when the same are not inconsistent with the laws of the State; and at the death of the said Francis B. James, it is my wish that my son, Robert D. James, shall assume and execute this trust, in manner and form as above mentioned; and at the death of my son, Robert D. James, it is my wish and desire that my daughter, Maria C. Boykin, shall assume and execute this trust, in manner and form as aforesaid."

The above being all the evidence adduced, the court dismissed the petition of the distributees and heirs-at-law; to which they reserved a bill of exceptions, and which they now assign as error.

R. C. Torrey, for appellants.
Dargan & Taylor, *contra.*

STONE, J.—The rule in regard to void conditions is too well settled to require elaboration. If the void condition be precedent, it defeats the whole instrument or conveyance. If it be subsequent, the conveyance stands, and the condition alone is defeated.—See 2 Story's Equity, § 1306 ; *Weathersby v. Weathersby*, 13 Sm. & Mar. 685 ; 1 Jarman on Wills, 806, *et seq.*

[2.] The clause of Claiborne Carter's will, which raises the issue in this cause, presents the case of a conditional testamentary disposition. Some of the conditions we regard as precedent, and some as subsequent; that is, the will requires certain things to be done before its dispositions take effect, and provides that certain other things, done or suffered after the will by its terms takes effect, shall divest the title out of the beneficiaries therein named. To prove the correctness of this view, let us suppose, that after Claiborne Carter made his will, no responsive or corresponding provision had been made by Robert D. James, or those claiming under him; that he and they had remained entirely silent as to any and all disposition of the seven negro children, John, Wesley, &c. All will admit that, in such case, the children of Robert D. James never would have taken under the will of Claiborne Carter. The primary condition was to precede the vesting of the devise and bequest; and it was to take effect immediately after the death of Claiborne Carter. The language of the will is : " I give, bequeath, and devise, unto Francis B. James," &c., " all my estate, real and personal; to have and to hold the same, after my death, forever ; on this condition nevertheless, that the said Robert D. James do, immediately after my death, manumit and set free seven certain negro children," &c. These words have all the properties of a condition precedent.

There is some obscurity in the language of Claiborne Carter's will, caused by the words, " as far as the laws of the State will permit," and " as far as the laws of the land will allow." We have carefully considered the clause under discussion, and come to the conclusion, that these words were inserted to meet the obstacles which the law interposed to the absolute emancipation of the seven negro

children. There are other conditions, which we think these words do not qualify or limit. Of this class we consider the following : " So that they" [the negroes] " may enjoy their liberty, and the profits and results of their own work and labor." We think the testator clearly intended that the privilege here provided for—namely, that of enjoying their own liberty, and the profits of their labor—was to be the least condition on which the children of Robert D. James were to take under his (Carter's) will.

The argument, then, leads to this : The devise and bequest were to take effect only on the alternate conditions precedent—namely, that the seven negro children were to be emancipated ; or, failing in that, they were to enjoy their liberty and the profits of their labor. Each of these conditions is violative of the positive law of the land. At the time this will took effect by the death of the testator, both the constitution and statute of the State inhibited the emancipation of slaves.—See Acts 1859–60, p. 28 ; Constitution of Alabama, art. VI, title *slavery*, section 1. And our statute and the policy of the law also forbade that slaves should enjoy their liberty and the profits of their labor. It is the policy of our law that slaves shall remain under the direction and control of their owner, and not go at large. They cannot enjoy their liberty and the profits of their labor, without violating section 1005 of the Code, except in the mode for which that section provides ; and there is no pretense that the clause of this will contemplates the license which that section tolerates.

It results from what we have said, that the dispositions of Claiborne Carter's will, in favor of the children of Robert D. James, are inoperative, because they depend on a condition precedent which is illegal and void.

[3.] Having construed Claiborne Carter's will, we feel bound to declare, that the probate court rightly dismissed the petition in this case. The property had been divided under the will, on the basis that its dispositions are valid. The property, under that division, has passed into other hands, and is beyond the reach or control of the administrators, and of any process the probate court can issue. The administrators, being the actors, and parties to the

37

division, cannot re-possess themselves of the property. *Pistole v. Street*, 5 Porter, 64; *Weir v. Davis*, 4 Ala. 442; *Dearman v. Dearman*, 4 Ala. 521; *Fambro v. Gantt*, 12 Ala. 298; *Ventris v. Smith*, 10 Peters, 161; 1 Story's Equity, §§ 90-1-2. The remedy of the heirs-at-law and next of kin of Claiborne Carter is in chancery.—*Hunley v. Hunley*, 15 Ala. 91.

The decree of the probate court is affirmed.