## WILSON, Administrator, *vs.* ARMSTRONG.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *When sale by order of probate court is void.*—Where property of a decedent is sold by his administrator, by an order of the probate court, and no valid ground is stated in the application for sale, and no ground or reason whatever for the sale stated by the court in its order of sale, such sale is void, and the administrator can not recover on a promissory note given for the purchase-money of property thus sold.

2. *Same; provisions of will can give no validity to.*—The fact that the decedent's will directed a sale of the property, was no ground for an order of sale by the probate court, and can give no validity to it.

APPEAL from the Circuit Court of Henry.
Tried before Hon. H. D. CLAYTON.

THIS action was brought by William C. Wilson, administrator, with the will annexed, of the estate of Mary Wil-

son, deceased, against Thomas Armstrong, Ira Elliott, and G. W. Williams ; was commenced on 17th March, 1866, and was founded upon a promissory note made by the defendants on the 4th day of May, 1863, and payable on 1st day of January, 1864, to plaintiff, as administrator of said deceased. The defendants pleaded three pleas, the second being as follows : " 2d. The defendant, for further answer to the complaint, saith that the note, which is the foundation of the suit, was given for a negro bought at a pretended sale made by the plaintiff, as administrator, &c., of the estate of said Mary Wilson, deceased, which sale was void, for want of jurisdiction in the probate court to order the sale, and of this they are ready to verify." The defendant, in support of this plea, read in evidence the records of the probate court, under which the sale of the negro was had, for the purchase of whom the note in controversy was given. The petition of the administrator to sell the slaves of said deceased was as follows : The petition of William C. Wilson, administrator, &c., respectfully shows that said deceased died, seized and possessed of the following slaves, to-wit : (particularly describing them,) and by said will, said negroes were directed to be sold for distribution among the legatees of the estate of said deceased. He therefore prays an order for the sale of said negroes on six months credit, at Columbia or Abbeville, as may seem meet. The legatees and heirs of said deceased are :" (giving their names and county and State of their residence.) The petition was sworn to. A day was set to hear said application, and notice ordered to be published in a newspaper. The order of the probate court to sell the said slaves is as follows : " This being the day set for the hearing of the application of William C. Wilson, senior, administrator, with the will annexed, of said deceased, heretofore filed praying for an order authorizing him to sell the following named slaves, belonging to said deceased, for the purpose of distribution, to-wit : * *-* * And it appearing to the court, that notice of the filing of said application, and of the day set for hearing the same, has been given by publication in the ' Spirit of the South,' a newspaper pub-

lished in Eufaula, Alabama, for three successive weeks before this day, and the objections this day filed by John M. Scott, the executor named in the will of said deceased, and agent for the heirs of said deceased, against the granting of said order, having been overruled ; it is ordered that said administrator do proceed and sell said slaves, at Abbeville, in said county, at public outcry to the highest bidder, on a credit, until the first day of January, 1864, after giving thirty days notice of said sale," &c. The will of said Mary Wilson, deceased, was also introduced in evidence. The court charged the jury, " that the sale of the negroes, for which said promissory note was given, was without authority of law and void, and that the plaintiff could not recover in this action ; and to this charge the plaintiff excepted, and was forced to take a non-suit. He appealed to this court to have the same set aside, and assigned as error the charge of the court.

F. M. WOODS, and SAMUEL F. RICE, for appellant.
W. C. OATES, *contra.*

A. J. WALKER, C. J.—No *valid* ground for the order of sale, under which the property was sold by the appellant as administrator, is alleged in the application for sale. No ground or reason whatever for the sale is stated by the probate court in its order.—Revised Code, § 2067, (1743 ;) *Ikelheimer v. Chapman,* 32 Ala. 676 ; *Wyatt v. Rambo,* 29 Ala. 510 ; *Hall v. Chapman,* 35 Ala. 553.

The fact that the decedent's will directed a sale of the property was certainly no ground for an order of sale by the probate court.—Revised Code, §§ 2067, (1743,) 206 8 (1744 ;) *Annual Alabama Conference of the Methodist Episcopal Church v. Price,* MS. ; *McCollum v. McCollum,* 33 Ala. Rep. 711.

The order of sale was void, and the plaintiff can not recover the purchase money. We regret that such is the law, yet it has been long so settled in this State. We can only say, as this court has said before, that the corrective is with the legislature.—*Beene v. Collenberger,* 38 Ala. 647.

BYRD, J.—I concur *alone* on the doctrine of *stare decisis*, not because I approve of the principles and results of the cases of *Wyatt v. Rambo, Ikelheimer v. Chapman, Hall v. Chapman*, and *Beene v. Collenberger*, above cited. I think the latter case is abhorrent to justice, and is the natural result of some other such cases.

Affirmed.