# Carter's Heirs *v.* Carter's Administrators *et al.*

### Bill in Equity for Account and Discovery, &c.

1. *Case reaffirmed.*—The principles settled in *Carter's Heirs* v. *Carter's Administrators* (39 Ala. 579) adhered to and reaffirmed.

2. *Limitations, statute of; period to be deducted from.*—It is the settled law of this State, that in computing the time necessary to create the bar of the statute of limitations, the period elapsing between the 11th day of January, A. D. 1861, and the 21st of September, A. D. 1865, must be excluded.

3. *Probate court; jurisdiction of.*—Where the devises and bequests were invalid by reason of a void condition precedent annexed, and the administrators, with the will annexed, obtained an order of the probate court for distribution of the personalty among the legatees according to the provisions of the will, and made distribution accordingly, the probate court has no jurisdiction to render a decree in favor of the heirs at law against the administrators on final settlement.

3. *Same.*—A distribution of personal assets among the legatees, accord-

[Carter *v.* Carter.]

ing to the provisions of a will, under an order granted the administrator with the will annexed, (the devises and bequests therein made being void), ousts the jurisdiction of the probate court, to render a decree on final settlement against the administrator in favor of the heirs at law, and a final settlement by the administrator in that court is no bar to a bill in equity by the heirs at law for account and distribution.

APPEAL from Clarke Chancery Court.

Heard before Hon. A. W. DILLARD.

In 1861 Claiborne Carter died in Clarke county, leaving a last will, by which he bequeathed all his property, real and personal, to Francis B., Maria C. and Robert D. James, Jr., children of Robert D. James, upon the condition that Robert D. James, Sr., would set free certain negroes then owned by him, "so far as the laws of this State would permit and equity and good conscience would protect," and which provided that the bequests should be void if Robert D. James, Sr., failed to set the negroes free, and his estate should revert to his heirs at law and next of kin. This will was duly probated in June, 1861, and Robert D. James, Sr., and Samuel T. Boykin were appointed administrators, with the will annexed, and in December of that year the personal property of the estate was duly divided between the legatees under the will, under an order for distribution.

On the 6th of April, 1863, the court cited the administrators to file their accounts for a final settlement, which they accordingly did, and the 11th day of May was set for the settlement, which was afterwards postponed until the 17th of the following August.

On the 30th day of July, 1863, Benjamin Carter, on behalf of himself and the other heirs at law of Claiborne Carter, filed a petition, alleging that the provisions of the will were illegal and void, and praying that the estate on final settlement should be divided among them. The administrators filed an answer, which denied the interest of the petitioners in the estate, and asserted the legality of the will of Claiborne Carter and showed that the conditions of the will had been complied with by Robert D. James, Sr. The court then dismissed the petition. Upon appeal to this court the decree of the probate court was affirmed on the ground that the estate had been distributed and though the provisions of the will of Claiborne Carter were illegal and void, the probate court then had no jurisdiction to order a distribution of it among the heirs at law of said Claiborne Carter. (See 39 Ala. 579). On the 20th of September, 1870, the complainants, heirs at law and next of kin of Claiborne Carter, filed

[Carter v. Carter.]

their bill against Samuel T. Boykin and Robert D. James, administrators, and Robert D. James, Jr., Francis B. James, and Maria C. Boykin, formerly Maria C. James, and children of Robert D. James, Sr., legatees and devisees under the will of Claiborne Carter. They alleged that the will of Claiborne Carter under which the said administrator and devisees held had been declared void and that they were entitled to the estate of said Carter; that the lands belonging to the estate were still in the possession of the administrators or the devisees, and prayed that the lands of the estate be decreed to belong to them, and the administrators and the devisees be compelled to account to them for all the personal property which had come into their possession and the rents and profits of the real estate received by them under the will of Carter, &c.

There was a demurrer to the bill which assigned the following grounds:

1st. That the suit was barred by the statute of limitations of six years.

2d. That the final settlement of the estate in the probate court was conclusive and bound all parties.

3d. That there was no equity in the bill.

This demurrer was sustained and the bill dismissed; hence this appeal.

L. GIBBONS, R. C. TORREY, and THOS. W. PRICE, for appellants.—The estate rightfully belonged to the complainants, and the probate court having no jurisdiction to correct the erroneous decree previously rendered by it; the proper remedy was by bill in chancery. *Carter's Heirs* v. *Carter's Administrators*, 39 Ala. 579, and authorities there cited. The statute of limitations was suspended from January 11th, 1861, to September 21st, 1865, and thus calculated, the time necessary to bar this suit has not elapsed. *Fox* v. *Lawson*, 44 Ala. 319; 44 Ala. 124.

JOHN Y. KILPATRICK, *contra*.—The will was legal, as it only proposed to give such freedom as the law directs to the negroes therein named "as the laws permitted and good conscience, honesty and right will protect," and being legal there is no equity in the bill, and the complainants have no interest in the estate of Claiborne Carter. The demand was a stale one and barred by the statute of limitations.

JUDGE, J.—This cause was heard and decided in the court below, on a demurrer to the bill; and the de

[Carter v. Carter.]

murrer was sustained and the bill dismissed. The grounds of the demurrer were, the want of equity in the bill, staleness of complainants' demand, the statute of limitations, and that there had been a final settlement in the probate court of the estate of Claiborne Carter, deceased.

1. The alleged invalidity of the devise and bequest made by the will of Claiborne Carter to the children of Robert D. James, forms the *gravamen* of complainants' case. This will was before this court in a previous case between the same parties, and was then fully considered and construed. *Carter's Heirs* v. *Carter's Administrators*, 39 Ala. 579. In that case it was held, in substance, that where the will took effect by the death of the testator, in May, 1860, the emancipation of slaves was prohibited both by the Constitution and a statute of the State; that our law also prohibited slaves from going at large, and enjoying the profits of their own labor; that the devise and bequest to the children of Robert D. James were made to depend upon the performance of either one of two alternative conditions precedent, viz :— that seven slaves named in the will should be "manumitted and set free," or, be permitted to "enjoy their liberty and the profits and results of their own work and labor"; and that these precedent conditions having been illegal and void, when the will took effect, the devise and bequest were inoperative. Upon careful consideration, we reaffirm and adopt the construction of the will thus given.

2. Section 3381 of the Revised Code makes the statues of limitations, which are applicable to actions at law, likewise applicable to suits commenced by bill in chancery. The period of limitation to actions at law for the recovery of land, is ten years; and for the detention or conversion of personal property, six years. The title to both real and personal property is involved in the present suit; and by analogy to the statutes of limitation at law, above named, complainants' suit was not barred, either as to the personalty or realty, at the time the bill was filed. The will was admitted to probate on the 17th of June, 1861, but the statutes respectively applicable did not commence to run until the 21st of September, 1865—it being the settled law of this State, that in computing the time necessary to create the bar of the statutes of limitations, the time elapsing between the 11th day of January, 1861, and the 21st of September, 1865, should not be estimated, in consequence of the pendency, during that period, of the late war between the States. The bill in this case was filed within less than five years from the time the statutes began to run; and the defense of the

[Carter *v.* Carter.]

statute of limitations, and of the staleness of complainants' demand, can neither of them interpose a good defense to the bill.

3. The next ground of demurrer insisted upon is, that there had been a final settlement of Claiborne Carter's estate before the bill was filed, and that, therefore, the court of chancery had no jurisdiction of the case.

This ground of demurrer cannot be sustained. Within six months from the date of the probate of the will, the administrators obtained an order of the probate court to divide and distribute all the personal property of the estate; and the presumption is, that the division was made in accordance with the provisions of the will. This proceeding on the part of the administrators in the probate court was *ex parte*, and it does not appear that the complainants had any notice of it whatever; besides, the record shows them to be, all, non-residents of the State. The effect of the division was, to place the property beyond the reach or control of the administrators, and of any process the probate court could issue. The administrators, having been the actors and parties to the division, could not repossess themselves of the property. Such was the decision of this court in *Carter's Heirs* v. *Carter's Administrators, supra;* and in that case it was also held that "the remedy of the heirs at law and next of kin of Claiborne Carter, was in chancery." If they had not a remedy in chancery, it is clear they would be remediless.

To render a decree on final settlement of an administrator's accounts valid and conclusive, the parties in interest must be brought before the court by notice. Before the final settlement was made, but while it was pending, one of the heirs and distributees of the estate, in behalf of himself and the others, filed a petition in the probate court propounding their interest, and claiming distribution in the estate. Upon the hearing of this petition it was dismissed by the court, doubtless under the belief, *bona fide* entertained, that under the provisions of the will the petitioners had no interest in the estate; this decision of the probate court was sustained by this court on an appeal therefrom, on the ground, before stated, that the property having been divided under the will, it was beyond the control of the probate court, or of the administrators; and that consequently that court was powerless to award distribution of it between the complainants. Thus it will be seen that the complainants, without fault or neglect of theirs, but by the act of the administrators, performed, though it may have been, in good faith, were deprived of their rights in the estate, and the probate court of

24

[Carter *v.* Carter.]

the power to award to them their just rights on the final settlement. There can be no valid distinction in principle between the rights of heirs and distributees thus placed, and the rights of such as never had any notice of a final settlement which is intended to be conclusive of their rights. Under these circumstances we cannot hold the final settlement of Claiborne Carter's estate binding, or conclusive, on the complainants.

Let the decree of the chancery court be reversed and the cause remanded.